UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JAREN VALDEZ WILLIAMS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-11286** |
| **SOCIAL SECURITY ADMINISTRATION** | **SECTION "D" (3)** |

REPORT AND RECOMMENDATION

Plaintiff Jaren Valdez Williams filed this lawsuit against defendant Social Security Administration ("SSA") on June 20, 2019 to challenge a decision rendered against him by the SSA. [Doc. # 1]. On October 21, 2019, the SSA answered. [Doc. #7]. The following day, this Court issued its social-security response order. [Doc. #9]. In that order, the deadline for plaintiff to file his motion for summary judgment was December 6, 2019. [*Id.*].

Plaintiff failed to file his motion for summary judgment by that date. Accordingly, this Court issued a show cause order on July 20, 2020 in which this Court ordered plaintiff to file in writing and no later than Friday, July 31, 2020 at 5:00 p.m. a report on the status of the case and show cause why plaintiff's motion for summary judgment had not been completed or filed. [Doc. #10]. That order warned plaintiff that should he fail to comply, this lawsuit would be dismissed without prejudice for failure to prosecute and for failure to comply with the Court's order. [Doc. #10].

Plaintiff also failed to comply with the rule to show cause. This lawsuit has been pending for more than a year now, and plaintiff has taken no action to move the litigation forward. This Court will thus recommend dismissing this lawsuit without prejudice for failure to prosecute under Federal Rule of Civil Procedure 41(b) and for failing to comply with this Court's orders. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) ("A district court may dismiss an

action for failure of a plaintiff to prosecute or to comply with any order of court. Fed. R. Civ. P. 41(b). The court possesses the inherent authority to dismiss the action sua sponte, without motion by a defendant. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)); *see also Johnson v. Jefferson Par. Corr. Ctr.*, Civ. A. No. 19-11346, 2019 WL 4062013, at *1 (E.D. La. Aug. 2, 2019), *report and recommendation adopted*, Civ. A. No. 19-11346, 2019 WL 4055160 (E.D. La. Aug. 28, 2019) ("Rule 41(b) of the Federal Rules of Civil Procedure specifically provides that a court may, in its discretion, dismiss a petitioner's claim for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court."); *Kluksdahl v. Loyola Univ. New Orleans*, Civ. A. No. 16-2990, 2017 WL 467719, at *3 (E.D. La. Feb. 3, 2017) ("Generally, '[a] district court may dismiss an action, sua sponte, under Rule 41(b) for failure to prosecute or to comply with an order of the court.' (citing *Cesarani v. Graham*, 25 F.3d 1044, 1994 WL 262232, at *1 (5th Cir. 1994) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988))."). Accordingly, and for the reasons outlined above,

    **IT IS RECOMMENDED** that plaintiff's case be DISMISSED WITHOUT PREJUDICE for failure to prosecute under Federal Rule of Civil Procedure 41(b) and for failure to comply with this Court's orders.

**NOTICE OF RIGHT TO OBJECT**

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 21st day of August, 2020.

_____
**DANA M. DOUGLAS**
**UNITED STATES MAGISTRATE JUDGE**